UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOELLE C. BISHOP,

    Plaintiff,

v.                                  Case No:   2:17-cv-620-FtM-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Noelle C. Bishop, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed applications for a period of disability and DIB and SSI on December 29, 2013. (Tr. 493-501). They were denied initially on January 31, 2014. (Tr. 393-98), and upon Reconsideration March 31, 2014. (Tr. 360-88). Thereafter, Plaintiff requested a hearing on April 25, 2014. (Tr. 410-411). On July 19, 2016, Plaintiff Bishop and vocational expert ("VE") Nicholas Fidanza, testified before Administrative Law Judge ("ALJ") T. Whitaker. (Tr. 289-330). On September 16, 2016, the ALJ issued an Unfavorable decision to the Plaintiff, finding that Plaintiff she was not disabled. (Tr. 18-45). Plaintiff requested review of the ALJ's decision on November 15, 2016. (Tr. 487-89). On September 15, 2017, the Appeals Council denied review of the ALJ decision. (Tr. 1-7). Plaintiff initiated the instant action by Complaint (Doc. 1) on November 14, 2017.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 10, 2008, the alleged onset date. (Tr. 24). At step two, the ALJ found that Plaintiff had the following severe impairments:

> obstructive sleep apnea, circadian rhythm dysregulation, history of hypersomnia, obesity, hypertension, asthma, diabetes mellitus, history of post-traumatic headaches and bilateral occipital neuralgia, chronic tension type headache, not intractable, degenerative disc disease and history of

> facet syndrome with chronic back pain, history of lumbosacral strain status post motor vehicle accident with history of radiculopathy, degenerative disc disease and lordosis of cervical spine with cervical spine pain with history of acute cervical strain with history of radiculopathy and history of cervicogenic headaches, history of closed head injury, status post mild traumatic brain injury with history of post-concussion syndrome, cognitive dysfunction, history of imbalance, history of dizziness of neurological origin, history of headaches and double vision status post head injury, visual and auditory phenomenon, pseudo dementia, history of hallucinations, history of resolved cognitive disorder secondary to mild traumatic brain injury, history of acute stress disorder with features of depression and anxiety, anxiety, unspecified affective psychosis, and mood disorder due to medical condition.

(Tr. 24). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) as follows: She can lift, push, pull, and carry ten pounds occasionally and five pounds frequently, sit for six hours of an eight-hour workday, stand and walk, in combination, two hours out of an eight hour workday, never climb ladders, ropes, and scaffolds, occasionally balance, kneel, crouch, crawl, and climb ramps and stairs, and occasionally stoop, but can never engage in repetitive stooping below the waist. She can have only occasional exposure to extreme cold, extreme heat, humidity, and to respiratory irritants such as fumes, odors, dusts, and gases. She can have no exposure to unprotected heights and dangerous machinery. She is limited to simple, routine, and repetitive work with "simple" defined as unskilled work tasks. She is limited to work with only occasional interaction with the public and coworkers. She is limited to work that allows her to be off task five percent of the workday in addition to regularly scheduled breaks.

(Tr. 28). At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as an armored car driver guard, security guard, corrections officer, and gate guard. (Tr. 36).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 37). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as table worker, final assembler, and semi-conductor bonder. (Tr. 37). The ALJ concluded that Plaintiff had not been under a disability since July 10, 2013, through the date of the decision, September 16, 2016. (Tr. 38).

## II.   Analysis

Plaintiff raises a single issue on appeal: whether the ALJ's RFC assessment and hypothetical question were complete and whether the ALJ properly relied on the testimony of the vocational expert ("VE"). Plaintiff argues that there is an apparent conflict between the VE's testimony and the DOT in that the VE testified that Plaintiff can perform jobs that require a reasoning level 2 despite being limited to simple, routine, repetitive work. (Doc. 22 p. 29-30). Plaintiff argues that the ALJ's failure to resolve this conflict results in a step five finding that is not supported by substantial evidence. (Doc. 22 p. 30). In addition, Plaintiff argues that the ALJ erred by failing to include in the RFC and hypothetical question limitations for Plaintiff's upper extremities and need for frequent position changes and frequent breaks. (Doc. 22 p. 31). The Court will address these arguments separately below.

### a) Whether the ALJ erred by relying on VE testimony that was inconsistent with the DOT.

Plaintiff argues that five of the six jobs identified by the VE require a reasoning level of 2, which the DOT defines as the ability to "[a]pply commonsense understanding to carry out detailed but involved written or oral instructions . . .[d]eal with problems involving a few concrete variables in or from standardized situations." (Doc. 22 p. 30). Plaintiff argues that the VE's testimony that Plaintiff, despite being limited to simple, routine, repetitive tasks, could perform these jobs

conflicts with the DOT. Further, Plaintiff argues that the ALJ's statement that the term "simple" is defined as unskilled work is self-contradictory. (Doc. 22 p. 28-29). In response, Defendant argues that the ALJ properly inquired whether the VE's testimony was consistent with the DOT and that Plaintiff has failed to identify an actual conflict between the VE's testimony and the DOT.

In this case, the Court need not determine whether the VE's testimony that a claimant limited to simple, routine, repetitive tasks can perform work requiring a reasoning level of 2 because the VE identified a significant number of jobs that require only a reasoning level of 1. As Plaintiff notes, the VE testified that Plaintiff was capable of performing the job "Table Workers" which requires only reasoning level 1. The VE testified that there are 30,000 such jobs nationwide. (Tr. 37).

The Eleventh Circuit has found that there is no bright line rule as to what constitutes a "significant number" jobs and "has never held that a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant numbers' under the statute and regulations." *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F.App'x 931, 934 (11th Cir. 2015). In *Atha*, the court upheld the ALJ's determination that 440 jobs in Alabama and 23,800 jobs nationally constituted a significant number. 616 F.App'x at 935. Accordingly, in this case, the Court finds that the 30,000 "table workers" jobs that the VE identified constitutes a significant number of jobs.

As the ALJ relied on VE testimony as to a significant number of job numbers to which Plaintiff does not object, the Court finds that remand would be inappropriate given the facts of this case.

    **b) Whether the ALJ erred by failing to include all of Plaintiff's limitations in his RFC finding.**

Plaintiff argues that the ALJ erred by failing to include appropriate limtiations relating to Plaintiff's upper extremities, his inability to sit for 6 hours, and his need to change his position and

take breaks frequently. Plaintiff notes that treating neurologist Dr. Kandel found that Plaintiff had decreased manual dexterity and decreased hand grip with diagnosis of bilateral carpal tunnel syndrome. (Doc. 22 p. 31). Dr. Kandel further opined that Plaintiff would require position changes in the work place and would require frequent breaks to be permitted in a sitting job. (Doc. 22 p. 31-32). Further, Plaintiff notes that treating physician Dr. Klusciewicz opined that Plaintiff had marked limitation in the ability to perform fine and gross dexterous movement, could only sit for 4 hours, and recommended that Plaintiff use a sacroiliac stabilization belt for 2-6 hours per day. Finally, Plaintiff notes that Dr. Tannenbaum, also a treating physician, agreed that Plaintiff had marked limitations in the ability to perform fine and gross dexterous movement, and found that Plaintiff was limited to only sitting 4 hours out of an 8 hour work day. (Doc. 22 p. 32). Plaintiff argues that the ALJ should have included greater limitations in the RFC and the hypothetical question to account for these limitations.

In response, Defendant argues that the ALJ properly evaluated the opinions of these treating physicians and adopted their findings when supported by the record and gave aspects of their opinions limited weight when they were not supported by the record. (Doc. 22 p. 40-43).

The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without

such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In this case, the ALJ provided good cause for rejecting the opinions of Dr. Kandel, Dr. Klusciewicz, and Dr. Tannenbaum. As Plaintiff notes, The ALJ noted that in 2007, Dr. Kandel opined Plaintiff could lift 40 pounds and must perform frequent position changes. (Tr. 34, 637, 640). The ALJ noted that Dr. Kandel's opinion generally supports that Plaintiff could work, then properly gave this opinion little weight because the opinion was too remote and was on an issue reserved for the Commissioner. (Tr. 34). Further, the ALJ found Dr. Kandel was a conclusory opinion regarding a single vocational position, and it was reserved for the Commissioner. (Tr. 34). Thus, the ALJ provided good reasons, supported by substantial evidence for assigning Dr. Kandel's opinion little weight, which Plaintiff does not challenge.

The ALJ also noted that Dr. Kluescewitz and Dr. Tannenbaum opined in July 2015 and April 2016 that Plaintiff had limitations in excess of the ALJ's RFC finding, including marked limitations in manipulation. (Tr. 35-36, 1236-1240, 1294-1297). The ALJ found that some of the limitations were consistent with the record and properly incorporated them in Plaintiff's RFC. (Tr. 35-36). The ALJ then properly assigned the remainder of these opinions little weight because they were inconsistent with the record as a whole. (Tr. 35-36). Specifically, the ALJ noted that while

both doctors opined Plaintiff had marked limitations in manipulation, Plaintiff's objective evidence showed that she had full strength and sensation in her upper extremities. (Tr. 35, 1292, 1318). In fact, in 2012, Plaintiff was able to move all four extremities with no noted limitations (Tr. 1160); she reported no weakness or numbness (Tr. 903); her objective exams revealed no musculoskeletal tenderness and no neurological deficits (Tr. 887, 780); and she did not even mention any limitations or conditions that affected her upper extremities or her ability to sit. (Tr. 1155). Then during the relevant period, Plaintiff had full muscle strength in her extremities, no atrophy, normal sensation, and a normal gait. (Tr. 985). Plaintiff's objective exam revealed normal range of motion in her neck, normal range of motion in her musculoskeletal system, and a normal gait. (Tr. 724, 981, 996, 1018, 1217, 1219-21, 1226, 1231, 1262). She had full motor power. (Tr. 794). In fact, Plaintiff's motor strength was 5/5 in all areas including in her hands and wrist. (Tr. 1292, 1318). Her shoulders had full strength and her fine finger movement was intact. (Tr. 1292, 1318). Plaintiff had intact sensation, normal reflexes, a normal gait, and normal coordination (Tr. 1292, 1318). This evidence provides substantial evidence supporting the ALJ's evaluation of Dr. Kluescewitz's and Dr. Tannenbaum's opinions.

Despite arguing that the ALJ should have adopted the opinions of Drs. Kandel, Kluescewitz, and Tannenbaum, Plaintiff presents no argument concerning the ALJ's analysis explaining the weight he accorded these opinions. Plaintiff has failed to show that the ALJ's analysis of the medical evidence is unsupported by substantial evidence. Accordingly, the Court affirms the ALJ's decision.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2019.

/s/ Douglas N. Frazier
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties